**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: February 24, 2017
Date Decided: March 3, 2017

Andrew S. Dupre, Esquire
Michael P. Kelly, Esquire
Benjamin A. Smyth, Esquire
McCarter & English, LLP
405 North King Street, 8th Floor
Wilmington, DE 19801

Robert A. Penza, Esquire
Christopher M. Coggins, Esquire
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

Re: *Brace Industrial Contracting, Inc. v. Peterson Enterprises, Inc.*,
Civil Action No. 11189-VCG

Dear Counsel:

The following Letter Order addresses issues raised at the office conference held on February 24, 2017.

On October 31, 2016, I issued a Memorandum Opinion ("*Brace I*")[1] and found that the Plaintiffs are entitled to an indemnification award of $725,059 from funds in escrow.[2] Two issues remain with respect to that award: when it should be released and when, or whether, it begins to carry interest. I address the latter issue first.

---

[1] *Brace Indus. Contracting, Inc. v. Peterson Enterprises, Inc.*, 2016 WL 6426398 (Del. Ch. Oct. 31, 2016) ("*Brace I*").

[2] *Id.* at *15. To consummate the acquisition underlying this litigation, the parties entered into an escrow agreement (the "Escrow Agreement") in which $1.87 million of the purchase price was placed into escrow and scheduled to be released to the Defendants in equal halves at two different points in time absent outstanding indemnification claims (the "Escrowed Amount"). *See* Pretrial Stip. at 10; JX 69 (the "Escrow Agreement") §§ 1.3(c), 1.4(a), 1.5(a).

The parties dispute the proper interest amount, if any, that should accompany the Plaintiffs' indemnification award of $725,059. In *Brace I*, and in my recent Interim Order, I awarded the Plaintiffs an indemnification award of "$725,059, *together with interest*."[3] The Defendants point out that, pursuant to Section 6.6 of the stock purchase agreement (the "SPA"),[4] the parties agreed that if Defendants' indemnification obligation is satisfied out of the amount in escrow, then interest does not accrue on that obligation (unless otherwise provided in the Escrow Agreement, which contains no such interest provision).

By stating, in *Brace I* and in the Interim Order, "together with interest" I meant to convey "with that amount of interest *appropriate*." After a careful examination of the SPA, it is clear to me that the parties have provided by contract that the appropriate amount of interest for the $725,059 indemnification award is $0, so long as it is satisfied from escrow. To the extent this contradicts any statement in *Brace I*, such statement is withdrawn. My reasoning follows.

Section 6.6 of the SPA states, in full:

> Once a Loss is agreed to by the Indemnifying Party or finally adjudicated to be payable pursuant to this ARTICLE VI, the Indemnifying Party shall satisfy its obligations within ten (10) Business Days of such final, non-appealable adjudication by wire transfer of immediately available funds; provided, however, that the Buyer Indemnitees shall be required to *take payment first out of the Escrow*

---

[3] *Brace I*, 2016 WL 6426398, at *15 (emphasis added); Interim Order (February 24, 2017) (Dkt. No. 193).

[4] JX 70 (the "SPA").

*Amount*, to the extent is has sufficient funds. The Parties agree that should an Indemnifying Party not make full payment of any such obligations within such ten (10) Business Day period, or to the extent the Escrow Amount is insufficient, any amount payable shall accrue interest from and including the date of agreement of the Indemnifying Party or final, non-appealable adjudication to and including the date such payment has been made at a rate per annum equal to the prime rate set forth in The Wall Street Journal's Table of Interest Rates and Bonds on the day immediately prior to the date that payment is to be made; provided, however, *if such obligations will be satisfied from the Escrow Amount*, then such amounts will be released in accordance with the terms and conditions of the Escrow Agreement and such amounts *shall not accrue interest unless otherwise provided in the Escrow Agreement*. Such interest shall be calculated daily on the basis of a three hundred sixty-five (365) day year and the actual number of days elapsed.[5]

Accordingly, I agree with the Defendants that, under Section 6.6 of the SPA, any indemnification owed should first come out of the Escrow Amount and only accrue interest to the extent required by the Escrow Agreement. The escrow amount of $1.87 million is more than sufficient to satisfy the $725,059 owed to the Plaintiffs and, accordingly, the Escrow Agreement does not provide for the accrual of interest. In light of the foregoing, I find that no interest has accrued on the $725,059 award.

As to the timing of the award's release, in light of the fact that interest is not accruing, it would be inequitable to delay the release of the amount the Plaintiffs are due from escrow, pending resolution of additional issues unrelated to indemnification that are still under consideration in this matter. Accordingly, the

---

[5] SPA § 6.6 (emphasis added).

Plaintiffs should provide a form of order directing the release of $725,059 from escrow, to be effective when issued.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III